James X. Bormes (*pro hac vice* admission pending)
LAW OFFICE OF JAMES X. BORMES, P.C.
Illinois State Bar No. 620268
8 South Michigan Avenue
Suite 2600
Chicago, Illinois  60603
(312) 201-0575
jxbormes@bormeslaw.com

**LEAD ATTORNEY IN CHARGE FOR PLAINTIFF AND CLASS MEMBERS**

Thomas M. Ryan (*pro hac vice* admission pending)
LAW OFFICE OF THOMAS M. RYAN, P.C.
Illinois State Bar No. 6273422
35 East Wacker Drive
Suite 650
Chicago, Illinois  60601
(312) 726-3400
Tom@tomryanlaw.com
Attorney for Plaintiff

LOCAL COUNSEL:
Michelle R. Matheson #019568
MATHESON & MATHESON, P.L.C.
15300 North 90th Street
Suite 550
Scottsdale, Arizona 85260
(480) 889-8951
mmatheson@mathesonlegal.com
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| TERRI HAYFORD, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MAGELLAN HEALTH, INC.,<br><br>Defendant. | No.: 15-CV-02643-PHX-JJT<br><br>**PLAINTIFF'S FIRST AMENDED COLLECTIVE ACTION COMPLAINT**<br><br>**(JURY TRIAL REQUESTED)** |

Plaintiff, Terri Hayford, individually and on behalf of all other persons similarly situated, known and unknown, through her attorneys, complains against Defendant Magellan Health, Inc. ("Defendant"), as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), for Defendant's failure to pay Plaintiff and other similarly situated persons all overtime pay for all time worked in excess of forty (40) hours per week.

2. Defendant employs the telephone-based workers who are the putative class members in this lawsuit.

3. Defendant knowingly required and/or permitted Plaintiff, who worked as a telephone-dedicated employee in the position of Customer Service Associate and other similarly situated telephone-dedicated employees to perform unpaid work before and after the start and end times of their shifts, including but not limited to booting up computers, initializing several software programs, reading company issued emails and instructions, and completing customer service calls.

4. In addition, Defendant was aware that Plaintiff and those similarly situated to her also performed work for Defendant on their break periods, including meal breaks, for which they were not paid. The work that Plaintiff and similarly situated employees performed during break periods includes, but is not limited to, completing customer orders, finishing customer service calls, logging back into the phone system, re-booting their computers and initializing software programs.

5. The amount of uncompensated time Plaintiff and those similarly situated to her spend or have spent on these required and unpaid work activities averages approximately fifteen to twenty minutes per day per person.

6. Defendant's conduct violates the FLSA, which requires non-exempt employees to be compensated for their overtime work at a rate of one and one-half times their regular rate of pay. *See* 29 U.S.C. § 207(a).

7. Plaintiff brings her FLSA overtime claims as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of telephone-dedicated employees who worked for Defendant throughout the country at call centers owned by Magellan Health, Inc. ("Magellan").

## JURISDICTION AND VENUE

8. This Court has original jurisdiction over Plaintiff's FLSA claims in this action under 29 U.S.C. § 1331 and 29 U.S.C. § 216(b).

9. Venue is proper in this Court as the illegal conduct alleged herein occurred in this district.

## THE PARTIES

10. Plaintiff Terri Hayford is an individual who Defendant employed from approximately June 2014 to approximately November 2014 as an hourly, non-exempt Customer Service Associate who was placed to work in a call center operated by Magellan located at 4802 E. Washington Road in Tempe, Arizona. Plaintiff Hayford resides in and is domiciled within this judicial district.

11. Magellan offers contact call center and business process outsourcing services to small to medium sized enterprises. Magellan operates a telephone call center on Washington Road in Tempe, Arizona and, upon information and belief, elsewhere, where telephone-dedicated hourly employees handle phone calls regarding various medical authorization and insurance inquiries, among other things. Magellan directly employs Customer Service Associates at its call centers.

12. Defendant employed Plaintiff and other similarly situated persons as "employees," as that term is defined by Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

3

13. At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because it has had employees engaged in commerce. 29 U.S.C. § 203(s)(1).

14. Furthermore, Defendant has had, and continues to have, an annual gross business volume in excess of $500,000.

15. At all relevant times, Defendant was an "employer" of Plaintiff and other similarly situated persons, as that term is defined by Section 203(d) of the FLSA, 29 U.S.C. § 203(d).

16. At all material times, Plaintiff and FLSA Class Members were individual employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

17. Further, at all material times, Defendant has operated as a "single enterprise" within the meaning of 3(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1). That is, Defendant performs related activities through unified operation and common control for a common business purpose. *See Brennan v. Arnheim and Neely, Inc.*, 410 U.S. 512, 515 (1973); *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 914–15 (9th Cir. 2003).

**FACTUAL ALLEGATIONS**

**A.** ***Defendant's Practice of Requiring and/or Permitting Telephone-Based Hourly Employees to Work Before the Start of Their Scheduled Shift Time***

18. Magellan operates and has operated "call centers" in Arizona and across the nation where telephone-dedicated employees similar to Plaintiff handle phone calls regarding various call center services including medical authorization and insurance inquiries offered by Magellan to its customers.

19. Prior to starting work on the call center floor, Plaintiff and other similarly

4

situated telephone-based employees were and are interviewed by employees and managers of Magellan.

20. Magellan had the power to hire and fire Plaintiff and other persons similarly situated.

21. At the Magellan call center where Plaintiff Hayford worked, Magellan had managers on the floor of the call center during the workday, managing the work activities of the Plaintiff and other similarly situated persons.

22. Defendant does not allow telephone-based employees to use its phones and computers for any personal use. Additionally, Defendant generally prohibits and does not allow telephone-based employees to use their own personal cell phones on the call center floor. Under Defendant's policies and practices, telephone-based employees are required to store their personal cell phones during the work day and can generally only use them on breaks and off the call center floor.

23. At the Magellan call center where Plaintiff worked, Magellan's managers on the call center floor could and did regularly see with their own eyes that Plaintiff and similarly situated telephone-based employees arrived at their work stations before the start of their scheduled shift time, logged into Magellan's computers, and began working on their computers prior to the start of their scheduled shift time.

24. Despite seeing and knowing that Plaintiff and similarly situated telephone-based employees performed work at their work stations prior to their scheduled shift time start, Defendant and its managers on the floor of the call center did not make any effort to

stop or otherwise disallow this pre-shift work and instead allowed and permitted it to happen.

25. Defendant possesses, controls and/or has access to information and electronic data that shows the times Plaintiff and similarly situated telephone-based employees logged into their computers each day and the time they logged into their telephone systems.

26. By possessing, controlling and/or accessing this information, Defendant knew that Plaintiff and similarly situated telephone-based employees worked prior to the start of their scheduled shift time.

27. Despite having this information and knowing that Plaintiff and similarly situated telephone-based employees logged into their computers, initialized necessary software programs, and read company issued emails and instructions prior to the start of their scheduled shift time, Defendant did not make any effort to stop or otherwise disallow this pre-shift work and instead allowed and permitted it to happen.

28. Defendant knowingly required and/or permitted Plaintiff and those similarly situated to her to perform unpaid work before and after the start and end times of their shifts, including but not limited to booting up computers, initializing several software programs, and reading company issued emails and instructions prior to the start of their scheduled shift time, and completing customer service calls, closing down the software programs, and logging off the system after the end of their scheduled shift times.

29. In addition, by having managers on the call center floor and having access to

the electronic data, among other things, Defendant was aware that Plaintiff and those similarly situated to her also performed work for Defendant on their break periods, for which they were not paid. The work that Plaintiff and similarly situated employees performed during break periods includes, but is not limited to, completing customer orders, finishing customer service calls, logging back into the phone system, re-booting their computers and initializing software programs.

30. The amount of uncompensated time Plaintiff and those similarly situated to her spend or have spent on these required and unpaid work activities averages approximately fifteen to twenty minutes per day per person.

31. Defendant monitored and directed the work activities of Plaintiff and other similarly situated persons, including the unpaid work at issue.

### B. *Defendant Knew of and Assented to the Pre-Shift Work*

32. Defendant's policy and practice permits and/or requires telephone-based employees to be logged into their phones by the employee's scheduled start time.

33. In order to be logged into Magellan's telephone systems, Defendant required and/or permitted Plaintiff and similarly situated telephone-based employees to arrive at their work station prior to their scheduled shift time and boot up computers, initialize several software programs, and read company emails and instructions.

34. Defendant's policy and practice disciplines telephone-based employees if they are not logged into their phones and ready to handle calls by the start of their scheduled shift time.

7

35. This policy and practice of Defendant results in telephone-based employees, including the Plaintiff, to boot up their computers, initialize several software programs and/or read company emails and instructions prior to their start of their scheduled shift time.

36. As set forth herein, via its policies and practices and through its own telephone and computer systems, Defendant knew and was aware that the telephone-based employees performed work prior to the start of their scheduled shift.

37. Defendant did not instruct Plaintiff and similarly situated telephone-based employees to not log into their computers or telephone, or to not read company emails prior to the start of their scheduled shift time. Rather, Defendant required, permitted and/or allowed Plaintiff and the putative class members to work prior to their scheduled shift time.

38. By knowing of, permitting and/or requiring Plaintiff and similarly situated telephone-based employees to log into their computers, initialize their various software programs and/or read company email and instructions prior to the start of their scheduled shift time, Defendant assented to them performing this work.

C. ***Defendant's Failure to Pay Overtime Wages to Its Telephone-Based Hourly Employees***

39. Defendant determined the rate of pay for Plaintiff other similarly situated persons.

40. Defendant's managers reviewed and approved Plaintiff and other similarly situated persons' time records prior to receiving their paychecks.

41. Defendant supervised and controlled the work schedule of Plaintiff and other similarly situated persons.

42. Defendant issued paychecks to Plaintiff other similarly situated persons, and was involved in determining the actual amount of compensation paid by the paycheck.

43. Plaintiff and those employees similarly situated are individuals who were, or are, employed by Defendant in customer service, sales, and similar positions at Magellan's call centers who were not paid for some or all of their work activities prior to the beginning of their shifts, during meal and rest breaks, or after the end of their shifts.

44. Plaintiff and the other employees are similarly situated to one another because their duties consisted primarily of providing services related to handling phone calls regarding various call center services including medical authorization and insurance inquiries offered by Magellan to its customers while working in Magellan's call centers. Plaintiff and others similarly situated all shared similar policies, job titles, job descriptions, training, job duties and compensation, among other things.

45. Plaintiff and the other employees are also similar because Defendant did not pay them for all time they actually worked. Defendant knowingly required Plaintiff and the similarly situated individuals to perform unpaid work before and after their scheduled shifts, including but not limited to booting-up computers, initializing several software programs, reading company emails and instructions, and completing customer service calls. Additionally, Defendant was aware that Plaintiff and those similarly situated to her also performed work for Defendant on their break periods, for which they were not paid.

46. The net effect of Defendant's policies and practices, instituted and approved by company managers, is that Defendant willfully failed to pay regular and overtime compensation to Plaintiff and others similarly situated, and willfully failed to keep accurate time records to save payroll costs. Defendant thus enjoyed ill-gained profits at the expense of its hourly employees.

47. Plaintiff and others similarly situated at times work or worked in excess of forty hours per week for Defendant in a given workweek.

48. Defendant's policy and practice of requiring and/or permitting its employees, including Plaintiff and other non-exempt, hourly employees, to perform work without pay for such work performed, violates Section 6 of the FLSA, 29 U.S.C. § 206.

49. Defendant's policy and practice of requiring its employees to perform work without pay in many instances has caused and continues to cause Plaintiff and certain other similarly situated hourly employees to work in excess of forty hours per week, without being properly compensated at a wage of 1.5 times their respective hourly rate for such work performed, as required by Section 7 of the FLSA, 29 U.S.C. § 207.

50. Defendant's failure to compensate its non-exempt, hourly call center employees with the full amount of the applicable regular wage or overtime wage has caused Plaintiff and other similarly situated non-exempt call center employees to suffer harm.

51. Defendant's non-exempt, call center hourly employees are entitled to compensation for all time they worked without pay in any given workweek.

**COLLECTIVE ACTION ALLEGATIONS**

52. Plaintiff brings Count I of this Complaint as a collective action on behalf of herself and all other current and former hourly employees of Defendant who Defendant required to perform the work described herein without pay at any time during the three years prior to the commencement of the action to present at call centers owned by Magellan.

53. Plaintiff has actual knowledge that FLSA Class Members have also been denied overtime pay for hours worked over forty hours per workweek. That is, Plaintiff worked with other telephone dedicated employees who worked at the Magellan call center. As such, she has first-hand personal knowledge that the same pay violations occurred to other class members. Furthermore, other telephone dedicated employees at Magellan call centers have shared with her similar pay violation experiences as those described in this complaint.

54. Other employees similarly situated to Plaintiff work or have worked at Magellan call centers, but were not paid overtime at the rate of one and one-half their regular rate when those hours exceeded forty hours per workweek.

55. Although Defendant permitted and/or required the FLSA Class Members to work in excess of forty hours per workweek, Defendant has denied them full compensation for their hours worked over forty. Defendant has also denied them full compensation at the federally mandated minimum wage rate.

56. FLSA Class Members perform or have performed the same or similar work as Plaintiff.

57. FLSA Class Members regularly work or have worked in excess of forty hours during a workweek.

58. FLSA Class Members are not exempt from receiving overtime pay at the federally mandated wage rate under the FLSA.

59. As such, FLSA Class Members are similar to Plaintiff in terms of job duties, pay structure, and the denial of overtime wages.

60. Defendant's failure to pay the overtime compensation wage rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the FLSA Class Members.

61. The experiences of Plaintiff, with respect to her pay, are typical of the experiences of the FLSA Class Members.

62. The specific job titles or precise job responsibilities of each FLSA Class Member do not prevent collective treatment.

63. All FLSA Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek.

64. Although the exact amount of damages may vary among FLSA Class Members, the damages for the FLSA Class Members can be easily calculated by a simple formula. The claims of all FLSA Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all FLSA Class Members.

65. As such, Plaintiff brings her FLSA overtime as a collective action on behalf of the following class, and Plaintiff's Counsel seek to send notice of this lawsuit to the following described persons:

> All persons who worked for Defendant as telephone dedicated employees, however titled, who were compensated, in part or in full, on an hourly basis at Magellan call centers at any time between December 28, 2012 and the present who did not receive the full amount of overtime wages earned and owed to them.

66. There are questions of law or fact common to the employees described in paragraph 65.

67. Plaintiff is similarly situated to the employees described in paragraph 65, as Plaintiff's claims are typical of the claims of those persons.

68. Plaintiff's claims or defenses are typical of the claims or defenses of the persons described in paragraph 65.

69. This is not a collusive or friendly action. Plaintiff has retained counsel experienced in complex employment litigation, and Plaintiff and her counsel will fairly and adequately protect the interests of the persons described in paragraph 65.

70. A collective action is the most appropriate method for the fair and efficient resolution of the matters alleged in Count I.

71. At all relevant times, Defendant employed Plaintiff and the persons described in paragraph 65.

72. At all relevant times, Defendant paid Plaintiff and the persons described in paragraph 65 to work.

13

73. At all relevant times, Defendant has been an "employer" of Plaintiff and the persons described in paragraph 65, as the term "employer" is defined by Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

74. At all relevant times, Plaintiff and the persons described in paragraph 65 have been "employees" of Defendant as defined by Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

## COUNT I – FLSA
### (Failure to Pay Overtime Wages)

75. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 74 as paragraph 75 of this Count I.

76. Plaintiff, individually and on behalf and the members of the class described in paragraph 65, asserts claims for unpaid overtime pursuant to the FLSA.

77. At any and all times relevant hereto, Defendant was an "enterprise engaged in commerce" within the meaning of Section 3(s) of the FLSA, 29 U.S.C. § 203(s).

78. At any and all times relevant hereto, Defendant was an "employer" of the Plaintiff and the members of the class described in paragraph 65 within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

79. At any and all times relevant hereto, Plaintiff and the members of the class described in paragraph 65 were "employees" of Defendant as defined by Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

80. Plaintiff and the members of the class described in paragraph 65 were not

paid for all time worked in excess of 40 hours in a week during the applicable statutory time period, in violation of the maximum hours provisions of the FLSA, 29 U.S.C. § 207.

81. At all times relevant hereto, Defendant's failure to pay Plaintiff and the members of the class described in paragraph 65 premium pay for all time worked over 40 hours in a week was willful in that, among other things:

    a. Defendant knew that the FLSA required it to pay time and one-half for all time worked over 40 hours in a week;

    b. Defendant failed to maintain true and accurate time records; and

    c. Defendant encouraged Plaintiff and other similarly situated employees to not record all time worked.

82. As a direct and proximate result thereof, Plaintiff and the members of the class described in paragraph 65 are due unpaid back wages and liquidated damages, pursuant to 29 U.S.C. § 216.

## DAMAGES SOUGHT

83. Plaintiff and the FLSA Class Members are entitled to recover compensation for the hours they worked for which they were not paid at the federally mandated overtime wage rate.

84. Plaintiff and the FLSA Class Members are also entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

85. Plaintiff and FLSA Class Members are entitled to recover their attorneys' fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated,

15

by and through her attorneys, demands judgment against Defendant and in favor of Plaintiff and all others similarly situated, for a sum that will properly, adequately and completely compensate them for the nature, extent and duration of their damages, the costs of this action and as follows:

A. Conditionally certify the class described in paragraph 65, and grant Plaintiff's counsel leave to send notice of this lawsuit to the members of the class and allow them the opportunity to opt-in as party plaintiffs pursuant to Section 16 of the FLSA, 29 U.S.C. § 216;

B. Declare and find that the Defendant committed one or more of the following acts:

   i.  Violated provisions of the FLSA for Plaintiff and all persons who opt-in as party plaintiffs; and

   ii. Willfully violated provisions of the FLSA for Plaintiff and all persons who opt-in as party plaintiffs.

C. Award compensatory damages, including all wages and overtime pay owed, in an amount according to proof;

D. Award liquidated damages on all wages and overtime compensation due to Plaintiff and all persons who opt-in as party plaintiffs;

E. Award all costs and reasonable attorneys' fees incurred prosecuting this claim;

F. Grant leave to amend to add claims under applicable state and federal laws to conform with the proofs at trial;

G. Grant leave to add additional plaintiffs by motion or any other method approved by the Court to conform with the proofs at trial; and

H. Grant such further relief as the Court deems just and equitable.

DATED this 20th day of April 2016

**LAW OFFICE OF JAMES X. BORMES, P.C.**

s/ James X. Bormes
(*pro hac vice* admission pending)
James X. Bormes
LAW OFFICE OF JAMES X. BORMES, P.C.
Illinois State Bar No. 620268
8 South Michigan Avenue
Suite 2600
Chicago, Illinois  60603
(312) 201-0575
jxbormes@bormeslaw.com

Thomas M. Ryan
(*pro hac vice* admission pending)
LAW OFFICE OF THOMAS M. RYAN, P.C.
Illinois State Bar No. 6273422
35 East Wacker Drive
Suite 650
Chicago, Illinois  60601
(312) 726-3400
tom@tomryanlaw.com

LOCAL COUNSEL:
Michelle R. Matheson #019568
MATHESON & MATHESON, P.L.C.
15300 North 90th Street
Suite 550
Scottsdale, Arizona 85260
(480) 889-8951
mmatheson@mathesonlegal.com
Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 20, 2016, I filed the attached document via the CM/ECF system which will send notification of such filing to counsel for Defendant, via the email addresses listed below:

LITTLER MENDELSON
Mark Ogden
mogden@littler.com
Cory G. Walker
cgwalker@littler.com


 /s/ Catherine P. Sons, attorney