**WO**                                    NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Terri Hayford, | No. CV-15-02643-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Magellan Solutions USA, | |
| Defendant. | |

Plaintiff Terri Hayford filed two Motions for Hearing or Conference re: Discovery Dispute (Docs. 33 and 34). Defendant Magellan Health, Inc. filed its Response (Doc. 36) and the Court held a telephonic hearing on the Motions on August 9, 2016 (Doc. 37).

Defendant Magellan provides call center services to the health care industry. Plaintiff Hayford worked at a call center in Tempe, Arizona,[1] which provided information to physicians and other care providers about what radiology services patients were covered for under their insurance plans and related issues. In December 2015, Plaintiff brought a collective action alleging that Defendant had failed to pay her and other similarly situated persons for all time worked over forty hours per week, in violation of Title 29 of the United States Code, Section 201 *et seq*., the Fair Labor Standards Act

---

[1] The parties agree that Plaintiff was employed by Aerotek, a staffing entity that contracts with Defendant to provide call center Customer Service Associates. The parties dispute whether Magellan exercised such control over the conditions of employment of Aerotech workers that it too is deemed Plaintiff's employer for purposes of this matter. The dispute is immaterial to resolution of the discovery issues before the Court, which does not address it further in this Order.

(FLSA).[2] Because Plaintiff brought this matter as a collective action under Section 216(b) of FLSA, the Court entered a case management and scheduling Order bifurcating discovery to first address collective action issues—referred to as Phase 1—and fixing September 2, 2016, as the deadline for fact discovery on conditional certification issues. (Doc. 19.)

Plaintiff bases her theory of liability on a combination of policies and practices in place at Defendant's Tempe call center and how those policies were enforced. Customer Service Associates and other employees serving similar functions were required to perform several tasks before their shift start times and after their shift end times, such as computer system start-up, software initiation, and review of work directives.[3] The Tempe call center also had a timekeeping policy that involved rounding an employee's overtime up or down to roughly the nearest quarter hour. That policy in its most recent embodiment during the period at issue was called the "eight and seven minute rule," and it provided that if an employee worked seven minutes of overtime or less during a quarter hour, their overtime would be rounded down to zero for that quarter hour; conversely, if the employee worked eight or more minutes during a quarter hour, their time would be rounded up to a quarter hour for that period.

The "eight and seven minute rule," per the deposition testimony of a Tempe call center manager, permitted employees to begin working up to seven minutes before the start of their respective shifts. (8/9/16 Tr. at 11:14-20.) Plaintiff also maintains that her call center had a policy requiring any pre- or post-shift overtime in excess of seven minutes to be pre-approved by a supervisor or manager. In essence, Plaintiff's theory is that the policies and practices mentioned above, in combination, result in an employee's

---

[2] Plaintiff amended her Complaint on April 20, 2016 (Doc. 25). The First Amended Complaint (FAC) is the operative document in this matter.

[3] Plaintiff's counsel stated at the hearing that "these call center employees labor under performance metrics where they have to be ready to handle a call right at the start of their scheduled shift time. And if they're not, their performance metrics and their reviews will be detrimentally impacted." (8/9/16 Telephonic Hearing Transcript ("Tr.") at 10:24 – 11:4.)

overtime always being rounded down and never rounded up, depending on how those policies are implemented and enforced.

Defendant operates and has operated other call centers serving the health care industry, including additional call centers like the Tempe call center that address radiology issues (National Imaging Associates, or "NIA"), and still others addressing prescription drug issues and mental and behavioral health issues. Plaintiff is aware of one other NIA call center in Saint Louis, Missouri, which is under common unit management with the Tempe call center, as well as another call center in Tempe that handles behavioral health issues, and a now-defunct call center in Scottsdale, Arizona, that addressed either prescription drug or behavioral health issues. But Plaintiff is unaware of what other call centers Magellan operates and whether any of them operated during the relevant time period under the same combination of policies, and applied those policies in the same manner, as did her Tempe call center.

Plaintiff seeks discovery on the following:

1) the locations of other Magellan call-center employees, whether directly employed by Magellan or through staffing contractors such as Aerotek, and the rough numbers of such employees;

2) which of those locations operate under the combination of policies at issue here, to include the "eight and seven minute rule," the policy requiring pre-approval for overtime beyond seven minutes, and the policy either requiring employees to perform certain preparatory tasks before or after their shifts or applying a performance metric penalizing employees for not being prepared to handle call traffic immediately upon commencing regular shift time; and,

3) for such locations, if any, discovery on whether those policies are applied as alleged to be applied at the Tempe call center, to have the effect of always or inappropriately rounding down to deny employees earned overtime, in the form of procedural documentations, management interview or depositions, or electronic timekeeping record sampling.

1    Defendant opposes the discovery on several grounds. First, Defendant argues there
2 is nothing violative of the FLSA about a rounding policy on its face, citing 29 CFR
3 § 785.48.  That may well be true, but Plaintiff's argument is not that rounding on its face
4 is the issue; rather, it is the rounding coupled with the other alleged policies that operate
5 together to always result in rounding down and never up.
6    Defendant also takes the position that the rounding policy in combination with the
7 policy requiring pre-approval to work more than seven minutes of overtime is only
8 potentially violative of FLSA if its management was implementing the policy to deny
9 payment to employees who worked more than seven minutes of overtime and did not
10 obtain pre-approval. And it avers that is not happening. Defendant may well be right, but
11 its argument goes to the merits of the case, which Plaintiff contests in any event, and the
12 question for the Court at this point is simply whether Plaintiff has enough to justify Phase
13 I discovery on who is affected by this combination of conditions if they are as Plaintiff
14 alleges.
15    In a related vein, Defendant correctly points out that the mere presence of the three
16 policies addressed above does not demonstrate an FLSA violation. More information
17 would be required as to factors such as, for example, whether the pre-approved overtime
18 policy is enforced in such a manner as to deny pay to an employee who violates it, or
19 whether violations of that policy are redressed in some other way, or at all. Similarly,
20 information on whether pre-approval for overtime beyond seven minutes was
21 unreasonably withheld would be necessary. These and other factors involving how the
22 policies at issue are implemented or enforced, Defendant argues, must be addressed
23 before potential violations can be determined, and that requires fulsome discovery,
24 according to Defendant. Further, Defendant argues, Plaintiff simply has not shown
25 enough of a concrete possibility of this being the case to justify such burden and expense
26 for any call center beyond the Tempe and Saint Louis call centers.

1 As a preliminary matter, the Court can allow limited discovery of the type of information Plaintiff seeks, and more, before certification of a collective. In *Allen v. Mill-Tel, Inc.*, 283 F.R.D. 631, 635 (D. Kan. 2012), the trial court allowed an FLSA plaintiff similarly situated to Plaintiff in the instant matter pre-certification discovery on not only the locations where individual members of a putative collective worked, but also their names and contact information. Plaintiff does not seek names or contact information in this matter, and the Court would not be inclined to order such disclosure at this point, where there is no showing of need or proportionality to overcome the burden on Defendant. But the Court concludes that Plaintiff is entitled to limited and tailored discovery relevant to defining the proposed collective and determining at a categorical level whether Plaintiff is similarly situated to employees at any of the other call centers beyond Tempe NIA and Saint Louis NIA.

The Court finds that Plaintiff has set forth sufficient evidence to show it is entitled to discovery of how the three policies at issue are applied at the Tempe and Saint Louis NIA call centers, to include written or deposition discovery of management practices and limited electronic timekeeping data sampling. The Court so determines because Plaintiff has shown that the two NIA call centers are under a common management unit and a supervisor at the Tempe call center testified to his knowledge or belief that the Saint Louis facility uses the same combination of policies.

Plaintiff will be permitted to depose one supervisory or management employee from the Saint Louis facility, not to exceed four hours. Defendant will also provide to Plaintiff complete electronic timekeeping records for five percent of the call center employees, rounded up to the nearest whole employee, at the Tempe and Saint Louis NIA facilities. The parties have advised the combined labor force in those two call centers relevant to the inquiry is approximately 350; the Court thus finds the burden imposed on Defendant to produce records for approximately 18 employees is not burdensome. Employees whose records will be disclosed shall be selected at random and all personal

1  identifying information shall be redacted. Records to be disclosed shall span the four
2  complete months prior to Plaintiff's filing of this action.

3       The Court finds that Plaintiff has not made a showing for entitlement to the same
4  level of discovery at any of Defendant's other call center facilities, in part because with
5  few exceptions, even the existence and location of those call centers is peculiarly within
6  the knowledge of Defendant. However, the Court will require Defendant to provide
7  Plaintiff with the location of all of its call centers that employ the "eight and seven
8  minute rule," whether now or during the two years prior to the filing of the instant action,
9  along with the nature of the call center's business (*e.g.*, NIA, behavioral health, etc.), and
10 the number of persons at each such call center employed in a capacity similar to Plaintiff.
11 If Plaintiff seeks additional discovery relating to those call centers, depending on the
12 results of that disclosure, the parties shall attempt to address any discovery issues before
13 returning to the Court for a resolution.

14      IT IS THEREFORE ORDERED that Plaintiff shall be entitled to depose a
15 supervisory employee from Defendant's Saint Louis NIA call center for no longer than
16 four hours.

17      IT IS FURTHER ORDERED that Defendant shall provide to Plaintiff by no later
18 than August 31, 2016, samples of electronic timekeeping records from the Tempe,
19 Arizona, and Saint Louis, Missouri, NIA call centers as provided in the body of this
20 Order.

21      IT IS FURTHER ORDERED that by August 31, 2016, Defendant shall disclose to
22 Plaintiff the location of all additional call centers utilizing the "eight and seven minute
23 rule" during the relevant time period, the number of persons employed now and at the
24 time of the filing of this action, and the nature of each such call center's business.

25      Dated this 23rd day of August, 2016.

                                             Honorable John J. Tuchi
                                             United States District Judge