NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Terri Hayford,<br><br>                    Plaintiff,<br><br>v.<br><br>Magellan Solutions USA,<br><br>                    Defendant. | No. CV-15-02643-PHX-JJT<br><br>**ORDER** |

At issue is the Unopposed Motion for Order Granting Approval of Collective Action Settlement, Conditional Certification for Settlement Purposes, Approval of Collective Action Notice and Forms (Doc. 74). Upon review and good cause appearing;

THE COURT FINDS AS FOLLOWS:

1. This Court has jurisdiction over the subject matter of the Lawsuit, the Named Plaintiff, the members of the putative collective action, and Defendant;

2. The Court finds, for settlement purposes only, that the collective action certification requirements of 29 U.S.C. § 216(b) are satisfied with respect to the Collective Action (as defined in the Parties' Settlement and Release Agreement ("Settlement Agreement")). The Court therefore certifies the Collective Action for settlement purposes only;

3. The dissemination of the Collective Action Notice, as provided for in the Settlement Agreement, constitutes the best practicable notice under the circumstances

1  to all members of the putative collective action and fully meets the requirements of 29
2  U.S.C. § 216(b), any and all substantive and procedural due process rights guaranteed by
3  the United States Constitution and any other applicable law;

4.  The Court finds the Settlement is fair, reasonable and adequate.

IT IS THEREFORE ORDERED granting the Unopposed Motion (Doc. 74)**:**

A.  That all defined terms contained herein shall have the same meanings as set forth in the Parties' Settlement Agreement;

B.  The Court approves of the Settlement as fair, reasonable, and adequate to the Named Plaintiff and to each opt-in Settlement Plaintiff, and in their best interests, and in full compliance with all requirements of due process and federal law. The Settlement is approved in all respects and its terms and provisions shall be consummated;

C.  That, as to each opt-in Settlement Plaintiff, the Court hereby dismisses the Lawsuit, all claims contained therein, and bars and permanently enjoins all opt-in Settlement Plaintiffs who worked for Defendant from prosecuting any released claims against Defendant;

D.  The Court finds that the Named Plaintiff and Collective Action Counsel adequately represented the members of the putative collective action for the purposes of entering into and implementing the Settlement;

E.  The Court approves the settlement payments to be made to each opt-in Settlement Plaintiff;

F.  The Court approves the payment of attorneys' fees, costs, and expenses to Collective Action Counsel in the amount of $241,642.50 and an additional amount for costs of $20,000.00 (the "Attorneys' Fees and Litigation Costs"). The Attorneys' Fees and Litigation Costs award shall be distributed to Collective Action Counsel in accordance with the terms of the Settlement Agreement;

G.  The Court approves the Service Award to the Named Plaintiff as compensation for her time in the amount of $7,500.00, distributed in accordance with Settlement Agreement;

H. That, except as otherwise provided in the Settlement Agreement or herein, the settling Parties are to bear their own attorneys' fees and costs; and

I. The Parties are to file a stipulation to dismiss this matter with prejudice within seven (7) calendar days of the close of the Notice and Opt-in Period provided for in the Settlement Agreement.

**IT IS FURTHER ORDERED** striking the lodged document at Doc. 76.

Dated this 2nd day of June, 2017.

_____
Honorable John J. Tuchi
United States District Judge